UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CRAIG CUNNINGHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) NO. 3:15-cv-00215 |
| | ) CHIEF JUDGE CRENSHAW |
| KATHY McDONALD, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are two Report and Recommendations of the Magistrate Judge.

On September 5, 2017, the Clerk of Court filed an Entry of Default against Defendants Kathy McDonald, VIM Holdings, Inc., Outreach Marketing Group, Secure 1 Systems, Inc., Direct Source Media, LLC, BMK Companies, Inc., and Gil Mirca "Mike" Mardesco for failure to respond to the Amended Complaint. (Doc. No. 108.) On June 27, 2018, the Magistrate Judge issued a Report and Recommendation ("June 27 R&R") that recommended defendants Magic Marketing Assistants, Steve Stansbury and John/Jane Doe 1-5 be dismissed without prejudice for failure to follow a court order related to proof of service. (Doc. No. 115). Plaintiff filed no objections. In early July 2018, Plaintiff filed a Motion to Dismiss Defendants Kathy McDonald, Engagetel, Inc., and Dennis Carlson because he was resolving the case with them. (Docket No. 116.) The Court granted that motion on July 6, 2018. (Docket No. 117.) Shortly thereafter, on July 17, 2018, the Magistrate Judge filed the second Report and Recommendation ("July 17 R&R") recommending dismissal of all remaining defendants from this action. (Doc. No. 118.) The recommendation was based on the grounds that the "remaining defendants either have not been served or have been

found to be in default by the Clerk of Court."[1] Plaintiff timely filed Objections (Doc. No. 120) and a Motion for Default Judgment and Request for a Hearing (Doc. No. 119).

Plaintiff's two filings in response to the July 17 R&R (1) purport to adduce proof that certain defendants were indeed timely served (Doc. No. 119), (2) assert that Plaintiff did not move for a default judgment against certain defendants while he was resolving his claims against others because it is the "preferred practice" of courts in this circuit to postpone entry of default judgments until claims against non-defaulted defendants are resolved (Doc. No. 120); Plaintiff was only allowed 11 days to file a motion for default judgment after the resolution of his non-defaulted claims before the July 17 R&R was issued recommending dismissal of the case (id.); and Plaintiff is entitled to a hearing on damages against the defaulted defendants (id.).

It is best for the Magistrate Judge to consider this matter further in the first instance. The Court hereby **ORDERS** as follows:

1. The June 27 R&R (Doc. No. 115) is **APPROVED AND ADOPTED**. Defendants Magic Marketing Assistants, Steve Stansbury and John/Jane Doe 1-5 are **DISMISSED WITHOUT PREJUDICE**.

2. The July 17 R&R (Doc. No. 118) is **RETURNED** to the Magistrate Judge for further consideration in light of the information provided by Plaintiff. The Magistrate Judge may affirm, amend, or, if appropriate, vacate the July 17 R&R and file an amended Report and Recommendation after a hearing on damages.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] It appears that the Magistrate Judge's implication was that certain defendants had been found to be in default by the Clerk, but Plaintiff had never pursued a judgment against them.