**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CRAIG CUNNINGHAM** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:15-cv-215** |
| | ) | **Chief Judge Crenshaw/Frensley** |
| **KATHY MCDONALD, et al.** | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on the Pro se Plaintiff's Motion for Default Judgment and Request for a Hearing. Docket No. 119. Specifically, Plaintiff seeks default judgment against Defendants VIM Holdings, Inc.; Outreach Marketing Group; Secure 1 Systems, Inc.; Direct Source Media LLC; BMK Companies; and Gil Micra "Mike" Mardaresco. *Id.* The Clerk of Court has previously filed an Entry of Default against these defendants for failure to respond to the Amended Complaint. Docket No. 108. The undersigned filed a Report and Recommendation recommending dismissal of all remaining defendants in this action based upon Plaintiff's inactivity with regard to the defaults. Docket No. 118. Plaintiff filed a timely objection (Docket No. 120) and a Motion for Default Judgment and to request a hearing. Docket No. 119. Judge Crenshaw ordered that the Report and Recommendation be returned to the undersigned for further consideration in light of the information provided by the Plaintiff. Docket No. 121. Thereafter, the undersigned held a hearing on the Plaintiff's Motion for default judgment as to the Defendants named in his motion.

The Court held oral argument on Plaintiff's motion and the Plaintiff submitted an affidavit in support of his motion in addition to his testimony at the hearing. These Defendants have not answered or otherwise responded to the Amended Complaint in this matter. Further,

they did not appear at the hearing for default judgment. For the reasons stated herein, the undersigned recommends that the Plaintiff's Motion for Default Judgment be GRANTED.

Plaintiff brought this pro se action pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U. S. C. § 227, *et seq*.. Plaintiff's claims are set forth in his Second Amended Complaint. Docket No. 70. Plaintiff claims that beginning in 2014 and continuing thereafter on numerous occasion he received phone calls to his cellular telephone initiated using an automated telephone dialing system and prerecorded message. He asserts the Defendants used a number of techniques in order to disguise their identity and induce Plaintiff to accept their telephone calls thinking they were local telephone numbers. *Id.* He asserts the telephone calls violated the TCPA by placing multiple automated calls to his cell phone and failing to maintain a Do Not Call List, train agents on the use of such a list and for failing to provide identifying information related to the caller. *Id.* Because this is a Motion for Default Judgment, the facts stated and well pled allegations of the complaint are taken as true. *Stooksbury v. Ross*, 528 F. App'x. 547, 551 (6th Cir. 2013).

The purpose of the TCPA is to curb abusive telemarketing practices in part by regulating the use of telephone technology. *See, Mims v. Arrow Financial Services, LLC*, 565 U. S. 368, 372 (2012). Congress has authorized a Private Right of Action "to recover for actual monetary loss from such a violation, or to receive $500.00 in damages for each such violation, whichever is greater." 47 U. S. C. § 227 (b)(3)(B). Those damages may be trebled where the violations are willful and knowing. 47 U. S. C. § 227 (b)(3). Plaintiff asserts in his sworn affidavit that he received 18 calls by or on behalf of the Defendants in this matter. Given the volume of calls and efforts to disguise the calls, the undersigned recommends that the court find the Defendants' actions were willful and knowing and award statutory damages in the amount of $1,500.00 per

call.

The Court has reviewed the Amended Complaint, affidavit and supporting documentation provided therewith as well as the testimony presented at the hearing and recommends that the Plaintiff's Motion For Default Judgment be granted and that he be awarded damages in the total amount of $27,000.00, jointly and severely among the Defendants VIM Holdings, Inc., Outreach Marketing Group, Secure 1 Systems, Inc., Direct Source Media LLC, BMK Companies, and Gil Micra "Mike" Mardaresco under Count II of the Second Amended Complaint.

The undersigned recommends the Plaintiff not be awarded any damages as to Count I wherein Plaintiff seeks civil damages under the private right of action provided for in 47 U. S. C. § 227 (c)(5) based upon Defendants' alleged violation of the regulations set out at 47 C.F.R.§ 64.1200(d). It is well established that a cause of action under subsection (c)(5)of 47 U. S. C. § 227 must be brought against a party that initiated a "call for telemarketing purposes to a residential telephone subscriber." *Cunningham v. Rapid Responses Monitoring Services, Inc.*, 251 F. Supp. 3d 1187, 1201 (M. D. Tenn. 2017). While a person utilizing a cellular phone may fall within the definition of a "residential telephone subscriber" under the act, Plaintiff's pleadings allege only that calls were made to his cellular phone and he has pled no facts or offered evidence sufficient for the court to draw the conclusion that he has stated a cause of action under subsection (c)(5). Thus, he failed to a state claim for relief under 47 U. S. C. § 227(c)(5) as set forth in Count I of the Amended Complaint. *See*, *Cunningham v. Rapid Responses Monitoring Services, Inc., supra, Cunningham v. Rapid Capital Funding, LLC/RCF,* 2017 WL 3574451 (M. D. Tenn. July 27, 2017), *Cunningham v. Enagic USA, Inc.*, 2017 WL 2719992 at *5-6 (M. D. Tenn. June 23, 2017).

For the foregoing reasons, the undersigned recommends that Plaintiff be awarded a

judgment against Defendants VIM Holdings, Inc., Outreach Marketing Group, Secure 1 Systems, Inc., Direct Source Media LLC, BMK Companies, and Gil Micra "Mike" Mardaresco in the amount of $27,000.00 (18 calls at $1500.00 per call) joint and severely.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

**JEFFERY S. FRENSLEY**
**United States Magistrate Judge**